**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                 **Case No. 06-CR-214**

**ISMAEL REYES**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Ismael Reyes pleaded guilty to transferring false identification documents, 18 U.S.C. § 1028(a)(2), and possession of counterfeit registration cards, 18 U.S.C. § 1546(a). The sentencing guidelines recommended an imprisonment range of 15-21 months, but upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I elected to impose a slightly lower sentence of 12 months and one day.

### I. SENTENCING FACTORS

Section 3553(a) directs the sentencing court to consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, the court must impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2).

## II. DISCUSSION

Defendant created and sold between 50 and 100 fraudulent identification documents over the course of about two years. His conduct came to light when a cooperating witness advised Immigration and Customs Enforcement that someone on the south-side of Milwaukee was selling fraudulent documents. The witness, as well as an undercover officer, then made controlled buys of permanent resident alien and social security cards. Eventually, agents executed a search warrant at defendant's house and found counterfeiting materials, including laminating equipment and paper cutters, along with cash and false identification documents. Agents arrested defendant, and he quickly admitted his conduct. He later stated that he wanted to help others work in this country, as he had been. Defendant did profit from the offense, although not in a great amount, and this did not seem to be a crime of greed.

Defendant was born in Mexico and came to the United States illegally in 1991 to make a living. He apparently had no intention to remain, but he met his wife and got married in 1996, and decided to stay. They had three children, ages nine, five and two. Defendant involved his wife in his illegal conduct – she occasionally dealt with his customers – which resulted in her

2

indictment as well. Defendant expressed remorse about involving his wife, and they were both likely to be deported upon completion of their sentences. Mrs. Reyes indicated that she would stay with defendant, here or in Mexico. It was not clear where the children would go.

Defendant otherwise lived a pro-social life in this country. He had a perfectly clean record, without so much as a traffic ticket. He also compiled a solid employment history, working for Seidel Tanning from 2001 to 2006, and other jobs before that. His supervisor at Seidel stated that he was a good worker. The only negatives were his use of a false name and social security number to obtain work and his brief experimentation, years ago, with cocaine.

Given his lack of record and the nature of this offense, 18 U.S.C. § 3553(a)(1), defendant posed no danger to the public, § 3553(a)(2)(C). However, some period of confinement was necessary to promote respect for immigration laws and to deter others. §§ 3553(a)(2)(A) & (B). As the government noted, dissemination of false documentation not only facilitates the law-breaking of others but also makes it more difficult for immigration authorities to keep track of who is here legally and who is not. Defendant had no correctional treatment needs. § 3553(a)(2)(D).

As noted above, the guidelines called for a term of 15-21 months. § 3553(a)(4). However, under all of the circumstances, I found a sentence slightly below that range sufficient but not greater than necessary. Defendant's character and background were otherwise quite positive and merited consideration. Defendant had worked and taken care of his family since coming to this country, and he did not pose a threat to society. Based on the remorse he had expressed and the effect of this prosecution on himself and his family, a term slightly below the range was sufficient to deter defendant from future misconduct. Finally, although he did profit from his crime, there was an element of wanting to help others work and make a life in this

3

country, as he had, even though he went about things in a misguided and illegal fashion. Thus, while some imprisonment was necessary, a term slightly below the guideline-recommended range was sufficient to provide just punishment. See § 3553(a)(2)(A).

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and 1 day on each count to run concurrently. Because this sentence varied from the guideline range by just 1 level and was based on the particular facts of the case, it did not create unwarranted disparity. § 3553(a)(6). Other conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge